IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHINYERE ACHI | : | CIVIL ACTION |
| | : | |
| Plaintiffs, | : | **JURY TRIAL DEMANDED** |
| | : | |
| v. | : | |
| | : | NO.: |
| DELTA AIRLINES, INC. | : | |
| | : | |
| Defendants. | : | |

## COMPLAINT

Plaintiff, CHINYERE ACHI, by and through her attorneys, Kelly and Hero and Bohrer & Lukeman, respectfully allege as follows:

## PRELIMINARY STATEMENT

This lawsuit is brought pursuant to the Montreal Convention governing international air travel and arises out of events which took place on February 13, 2018 on board Delta Airlines Flight DL 55 which departed from Lagos-Murtala Muhammed International Airport in Lagos, Nigeria to Hartsfield Atlanta International Airport in Atlanta, Georgia, USA. Shortly after takeoff from Lagos, the aircraft's engine caught fire causing the flight crew to declare an emergency and return to Lagos where the aircraft made an emergency landing and deployed its inflatable slides. Plaintiff, a Philadelphia resident whose itinerary was purchased, originated, and terminated in the Eastern District of Pennsylvania, suffered serious injuries during the course of the emergency evacuation.

1

## THE PARTIES

1. Plaintiff CHINYERE ACHI resides at 231 Nandina Street, Philadelphia, Pennsylvania.

2. Defendant DELTA AIRLINES, INC., d/b/a Delta Airlines, (hereinafter, "defendant DELTA"), is a Delaware corporation with its principal place of business located at 1030 Delta Boulevard, Atlanta, Georgia 30354, but at all times material hereto, defendant DELTA is authorized to and does, in fact, regularly and continuously conduct and transact business within the Commonwealth of Pennsylvania and in this judicial district sufficient to satisfy the requirements for exercising either general and/or specific jurisdiction and venue over this defendant, as more particularly set forth herein.

3. DELTA is and was a common carrier engaged in the business of transporting passengers for hire by air, operating regularly scheduled passenger flights from various airports in and outside of the United States, including, but not limited to, airports located within this judicial district, namely Philadelphia International Airport, located in Philadelphia, Pennsylvania.

## JURISDICTION AND VENUE

4. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sec. 1331, insofar as a federal question is presented pursuant to the Convention for the Unification of Certain Rules for International Carriage by Air done at Montreal on May 28, 1999 (hereinafter "the Montreal Convention").

4. The Eastern District of Pennsylvania is an appropriate venue in which to pursue this action under 28 U.S.C. § 1391 (b), (c) and (d) in that defendant DELTA is a foreign corporation which, for venue purposes, resides in and is subject to personal jurisdiction within this District both as of the time this action is being commenced and at the time of the events giving rise to this cause of action occurred.

5. Jurisdiction is also appropriate in this judicial district insofar as:

    a. tickets comprising the contract of carriage which form the basis of the Plaintiff's transit were purchased in the Eastern District of Pennsylvania;

    b. Plaintiff's transit commenced in the Eastern District of Pennsylvania;

    c. Plaintiff's final destination was the Eastern District of Pennsylvania.

6. At all times material hereto, defendant DELTA is, upon information and belief, registered as a foreign corporation authorized to conduct business in the Commonwealth of Pennsylvania and as such, pursuant to 42 Pa. C.S.A. § 5301(a)(2), has consented to general personal jurisdiction in Pennsylvania.

7. The Eastern District of Pennsylvania is an appropriate venue for this action in that, at all times material hereto, both defendant DELTA has substantial airport offices, maintenance and "hub" operations at Philadelphia International Airport (PHL) located in this District, from which it conducts and operates numerous daily flights.

8.	Prior to and on February 13, 2018, defendant DELTA was a commercial airline and thus a common carrier engaged in the business of carrying and transporting passengers for hire in interstate commerce and regularly operated scheduled commercial passenger flights to and from the Commonwealth of Pennsylvania.

## BACKGROUND FACTS AND GENERAL ALLEGATIONS

9.	On February 13, 2018, DELTA was operating DL Flight 55 from Lagos-Murtala Muhammed International Airport (airport identifier code LOS) to Atlanta Hartsfield-Jackson International Airport in Atlanta Georgia, (airport identifier code ATL)(The subject flight).

10.	The subject flight was being operated aboard an Airbus A330-223,which is a twin engine wide body, jet aircraft, bearing registration N858NW (the "subject aircraft").

11.	On February 13, 2018, after taking off from runway 18R and while on climb out from Lagos and reaching an altitude of 1700 feet, the subject aircraft's No. 1 engine fire warning light came on. The cockpit crew stopped the climb at 2000 feet, shut down engine 1, discharged two fire bottles, declared an emergency and requested a return to Lagos which was granted by Lagos ATC.

12.	The aircraft consequently returned the aircraft to Lagos where, upon landing, the subject aircraft was met by emergency ground crews who reported observing and extinguishing a fire.

4

13. An emergency evacuation of passengers from the aircraft then ensued using the aircraft's inflatable slides which were deployed by the aircraft's crew.

14. A subsequent investigation by investigators revealed evidence of an actual fire caused by a leak from a hairline crack on the fuel manifold that supplied a fuel nozzle in engine 1. A metallurgical examination which followed concluded that the crack and leak were caused by excess vibration and fatigue.

## AS AND FOR A FIRST CAUSE OF ACTION

15. As common carriers for hire, and in particular with respect to Flight 55, DELTA owned, leased, operated, controlled, staffed, scheduled, supervised, managed, serviced, maintained, repaired and/or inspected the subject aircraft and its component parts and systems, (including but not limited to the subject aircraft's engines); provided training, instruction, guidance and/or supervision to the flight crew of the subject aircraft; wrote and/or approved for use instructions, warnings, guidelines and emergency procedures for the subject aircraft and its component parts and systems, including but not limited to the aircraft's flight manual, operating manual, maintenance manual, maintenance instructions, inspection schedules, flight training manuals, flight training curriculum, flight training procedures, as well as operations and techniques pertaining to, among other things, the subject aircraft's gauges, engines and how to recognize, prevent and correct for in-flight problems, difficulties and/or emergencies in connection with the use and operation of said systems.

16. On February 13, 2018, Plaintiff CHINYERE ACHI was a revenue paying passenger lawfully aboard DELTA flight 55 from Lagos Nigeria, to Atlanta, Georgia with a final destination of Philadelphia, PA.

17. On February 13, 2018, Defendant employed a flight crew responsible for the safe and secure operation of the subject flight as well as the safety of its passengers, and efficient boarding and disembarking of the subject aircraft.

18. On February 13, 2018, the subject aircraft in use during the subject flight was owned, leased, operated or otherwise controlled by Defendant DELTA and staffed by its agents, servants, employees and/or contractors.

19. Defendant DELTA, its agents, servants, employees and/or contractors were responsible for the training, management, supervision, and/or control of its flight crew aboard DELTA Flight DL55, including, but not limited to, the crew's adherence to standard safety policies and protocol while boarding and disembarking the aircraft under both normal and emergency conditions.

20. As a common carrier of passengers for hire, the defendant DELTA has a duty to provide a safe means of ingress and egress for its passengers to and from its aircraft.

21. On February 13, 2018, shortly after DELTA Flight 55 took off from Lagos, a fire developed in Engine 1 of the subject aircraft.

22. As a result, the flight crew aboard the subject flight declared an emergency and returned the aircraft to Lagos International Airport where an emergency evacuation from the aircraft ensued using inflatable slides.

23. Upon information and belief, DELTA's employees, agents and/or servants initiated an emergency evacuation of the aircraft, informed passengers that they would be disembarking the aircraft via an emergency evacuation, determined the method and manner of the of the emergency evacuation, determined that said emergency evacuation would be performed via the deployment of the subject aircraft's inflatable slides, determined that the subject aircraft's inflatable slides would be utilized to evacuate the aircraft, advised and directed passengers, including Plaintiff CHINYERE ACHI, to evacuate using said slides.

24. Upon initiating and overseeing said emergency evacuation, DELTA's employees, agents, servants and/or contractors had a duty to instruct passengers, including the Plaintiff CHINYERE ACHI, in the proper and safe manner of evacuating the aircraft using said inflatable slides.

25. At the aforesaid time and place, DELTA's employees, agents, servants and/or contractors had a duty to ensure that said emergency evacuation was performed in a safe, orderly fashion so as to not increase the risk of harm to Flight DL 55's passengers and the Plaintiff CHINYERE ACHI in particular.

26. At the aforementioned time and place, DELTA's employees, agents, servants and/or contractors directed all passengers, and CHINYERE ACHI in particular, out of the aircraft and onto the aircraft's inflatable slides.

27. Upon information and belief, DELTA's employees, agents, servants and/or contractors failed to exercise proper supervision and control of the evacuation process

under the aforesaid emergency conditions and offered inadequate assistance, instructions or directions to the passengers of DL55 and to the Plaintiff CHINYERE ACHI in particular.

28. During the aforesaid emergency evacuation, Plaintiff CHINYERE ACHI suffered injuries and was transported to a local hospital in Nigeria for medical treatment.

29. Said engine fire aboard the subject aircraft and the causes thereof, the ensuing emergency evacuation and Plaintiff's resulting injuries were caused by an accident pursuant to Article 17 of the Montreal Convention, in that the Plaintiff's injuries were caused by an unexpected or unusual event or occurrence external to the Plaintiff, and not by the Plaintiff's internal reaction to the normal or ordinary operation of the aircraft.

30. As a result of said accident, Plaintiff CHINYERE ACHI was injured.

31. As a result of said accident, Plaintiff CHINYERE ACHI was seriously injured.

32. As a result of said accident, Plaintiff CHINYERE ACHI was permanently injured.

33. As a result of said accident, Plaintiff CHINYERE ACHI suffered physical pain, and mental anguish, and in the future, shall continue to suffer from same.

34. As a result of said accident, Plaintiff CHINYERE ACHI suffered great economic loss and in the future, shall continue to suffer from same.

35. As a result of said accident, Plaintiff was forced to expend great sums of money on medical treatment and in the future, CHINYERE ACHI shall continue to expend money on same.

36. As a result of said accident, Plaintiff CHINYERE ACHI was deprived of her enjoyment of life, pursuits and interests and in the future shall continue to be deprived of same.

37. As a result of the foregoing, Defendant is liable to pay full, fair and reasonable damages to Plaintiff pursuant to the Montreal Convention.

38. Defendant DELTA cannot meet its burden of proving that its negligence did not cause or contribute to the accident and the resulting injuries to Plaintiff.

39. Defendant DELTA cannot meet its burden of proving that the injuries suffered by Plaintiff CHINYERE ACHI were caused solely by the acts of third parties.

40. Pursuant to the Montreal Convention governing international air travel and pleaded in the alternative and without prejudice to anything set forth herein to the contrary, DELTA is responsible for the actions of its agents, ground handlers, maintenance or other contractors, and thus the actions of said third parties are not available to DELTA as a defense of its unlimited liability.

41. At all times material hereto, the flight crew of Flight 55 were DELTA's agents, servants, employees and/or contractors and acting within the course and scope of their employment and/or agency.

WHEREFORE, Plaintiff CHINYERE ACHI prays for judgment against the Defendant DELTA for compensatory damages in an amount to be determined at trial

exclusive of interest, costs, and attorney's fees and for such other and further relief as this Court deems just and proper under the circumstances.

## DEMAND FOR TRIAL BY JURY

Plaintiffs demand a trial by jury of all issues.

DATED:   December 16, 2019

                LAW OFFICE OF KELLY and HERRON, P.C.

                By: Kevin P. Kelly, Esq.
                1500 Market Street
                Centre Square West Tower
                Suite W-3110
                Philadelphia, Pa 19102
                PH: (215)-972-1500
                FX: (215)-972-8217
                E-mail: kkelly@kellyherronlaw.com

                and

                Abram I. Bohrer, Esq.
                BOHRER & LUKEMAN
                5 Columbus Circle, Suite 1501
                New York, New York 10019
                (212) 406-4232 x1041
                abe@flightinjury.com
                (*Pro hac vice application to be submitted*)

                *Attorneys for Plaintiffs*